**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

WILLIE FRANK WRIGHT,

    Plaintiff,

v.

LUE HIGHTOWER, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-108

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. § 1983 while incarcerated at Georgia State Prison in Reidsville, Georgia, to challenge certain conditions of his confinement. Doc. 1. Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. Doc. 2. After a thorough and careful review of the docket, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed in forma pauperis on appeal.[1]  I **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis* in this action. Doc. 2.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**[2]

**I.     Dismissal for Abuse of the Judicial Process**

This Court employs a standard complaint form for incarcerated, pro se litigants seeking to file an action under § 1983. Part I(B) of that form directly asks a plaintiff whether he has "brought any lawsuits in federal court" "[w]hile incarcerated or detained in any facility" prior to his current filing. Doc. 1 at 2. This form directs a litigant to "describe each lawsuit" and to "describe . . . additional lawsuits on another piece of paper," if he has filed "more than one lawsuit[.]" Id. Part I(C) of the form asks would-be plaintiffs to list all "lawsuit[s] filed in federal court" where the plaintiff proceeded *in forma pauperis* and which were dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim[.]" Id. at 3.

Plaintiff disclosed six cases in Part I(B) and Part I(C): (1) Wright v. Core Civic's Policy, 6:17-cv-27 (S.D. Ga. Feb. 13, 2017) (dismissed for failure to truthfully disclose litigation history); (2) Wright v. Brown, 1:17-cv-192 (M.D. Ga. Oct. 23, 2017) (dismissed for failure to exhaust); (3) Wright v. McGrief, 5:16-cv-134 (M.D. Ga. Apr. 13, 2016) (dismissed pursuant to 28 U.S.C. § 1915(g)); (4) Wright v. Massey, 5:11-cv-491 (M.D. Ga. Dec. 15, 2011) (dismissed

---

[2]     Plaintiff writes that he "do[es] not [e]llect to proceed before a . . . Magistrate Judge in this case." Doc. 1 at 12. However, the undersigned Magistrate Judge does not require Plaintiff's consent to issue a Report and Recommendation in this § 1983 lawsuit challenging various prison conditions. See 28 U.S.C. § 636(b)(1)(B); Waldman v. Thomas, No. 5:13-CV-2322, 2015 WL 7755415, at *3 (N.D. Ala. Dec. 2, 2015) (rejecting plaintiff-inmate's objection to the designation of a magistrate judge in his § 1983 case because "the district court need not obtain the consent of the parties" to delegate "non-dispositive pretrial matters to a magistrate judge" provided an Article III judge "issue[s] the final determination in th[e] case after a de novo review"). While magistrate judges must obtain the consent of the parties to exercise authority over some types of cases or proceedings, § 636(b)(1)(B) explicitly authorizes magistrate judges to "submit to [a district court judge] proposed findings of fact and recommendations" in actions by prisoners "challenging conditions of confinement." Roell v. Withrow, 538 U.S. 580, 585 (2003) (differentiating between to "nonconsensual referrals of pretrial but case-dispositive matters [to a magistrate judge] under § 636(b)(1)" where the "the district court [is] free to do as it sees fit with the magistrate judge's recommendations" and other referrals under § 636(c)(1) where consent is required); McCarthy v. Bronson, 500 U.S. 136, 140–42 (1991) (holding that § 636(b)(1)(B) allows magistrate judges to enter reports and recommendations on all "actions for monetary or injunctive relief" which are "brought by prisoners . . . under 42 U.S.C. § 1983" without the parties' consent).

for failure to state a claim); (5) Wright v. Waller, 5:10-cv-254 (M.D. Ga. June 30, 2010) (dismissed for failure to exhaust); and (6) Wright v. Shelton, 5:10-cv-246 (M.D. Ga. June 24, 2010) (dismissed as frivolous).[3]

A search of Plaintiff's litigation history, however, reveals that he has filed at least nine other causes of action prior to executing his Complaint on October 24, 2018:[4] (1) Wright v. Trammell, 5:18-cv-27 (M.D. Ga. Jan. 23, 2018); (2) Wright v. Owens, 5:13-cv-386 (M.D. Ga. Oct. 11, 2013) (dismissed pursuant to § 1915(g)); (3) Wright v. Medlin, 5:13-cv-288 (M.D. Ga. Aug. 14, 2013) (dismissed pursuant to § 1915(g)); (4) Wright v. Freeland, 5:11-cv-394 (M.D. Ga. Sept. 30, 2011) (dismissed); (5) Wright v. Langford, 5:10-cv-272 (M.D. Ga. July 19, 2010) (dismissed); (6) Wright v. Massey, 5:10-cv-230 (M.D. Ga. June 11, 2010) (dismissed); (7) Wright v. Petty, 5:10-cv-203 (M.D. Ga. May 24, 2010) (dismissed); (8) Wright v. Eubanks, 5:10-cv-198 (M.D. Ga. May 19, 2010) (dismissed based on defendants' motion for summary judgment); and (9) Wright v. Harrison, 5:10-cv-184 (M.D. Ga. May 5, 2010) (dismissed for failure to state a claim).[5]

---

[3] Plaintiff disclosed two of these cases in Part I(C) but failed to disclose them in Part I(B). Those cases are: (1) Wright v. Core Civic's Policy, 6:17-cv-27 (S.D. Ga. Feb. 13, 2017); and (2) Wright v. McGrief, 5:16-cv-134 (M.D. Ga. Apr. 13, 2016).

[4] Additionally, Plaintiff has filed at least one action subsequent to filing the instant Complaint: Wright v. Sprayberry, 4:19-cv-95 (N.D. Ga. May 13, 2019). It would be nonsensical to hold Plaintiff accountable for failing to disclose an action he had not yet brought at the time of filing his Complaint, and, in issuing this Order and Recommendation, the Court does not give this case any consideration. Rather, the Court identifies Plaintiff's subsequently-filed case here only for purposes of memorializing a more comprehensive picture of Plaintiff's litigation history as of the date of this Order. Such memorialization may aid both the Court and Plaintiff in the future.

[5] Plaintiff failed to disclose any of the cases listed in this paragraph on Part I(B) of the complaint form. Additionally, at least some of these cases needed to be disclosed under Part I(C). Plaintiff did not fulfill either requirement. Moreover, in addition to the several § 1983 actions Plaintiff failed to disclose, Plaintiff also failed to mention three habeas cases: (1) Wright v. Johnson, 5:15-cv-423 (M.D. Ga. Nov. 9, 2015) (habeas petition); (2) Wright v. Georgia, 5:13-cv-56 (M.D. Ga. Feb. 13, 2013) (habeas petition); and (3) Wright v. Mclaughlin, 5:13-cv-209 (M.D. Ga. June 13, 2010) (habeas petition).

As previously stated, § 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines that it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915. Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." Id. at 225–26 (citing Fed. R. Civ. P. 11(c)). Again, although pro se pleadings are to be construed liberally, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules." Id. at 226.

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a pro se prisoner-plaintiff has failed to disclose his previous lawsuits as required on the face of the § 1983 complaint form. See, e.g., Redmon, 414 F. App'x at 226 (finding pro se prisoner's nondisclosure of prior litigation in § 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same). Even where the prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed

6

multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him").

Another district court in this Circuit has explained the importance of this information as follows:

> [t]he inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-cv-599, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted); see also Yearby v. Johnson, No. 5:16-CV-223, 2016 WL 7015683, at *2 (N.D. Fla. Oct. 26, 2016) ("In addition to revealing whether a prisoner is subject to the PLRA's 'three strikes' provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case."); Johnson v. Crawson, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (discussing the benefits of requiring plaintiff-inmates truthfully disclose all prior litigation history, including: (1) determining applicability of § 1915(g); (2) considering whether the complaint "is related to or should be considered in connection with" a different action; (3) considering whether a holding in a previous case impacts the current action; and (4) determining plaintiff's "litigation experience and familiarity with the legal terrain of the current action").

Here, Plaintiff declared "under penalty of perjury" that the statements in his Complaint "are true and correct." Doc. 1 at 9. Yet, despite his signed attestation, Plaintiff misrepresented his litigation history. See Yearby, 2016 WL 7015683, at *2 ("The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload . . . ."). The plain language of the complaint form is clear, and Plaintiff failed to answer fully and truthfully. Doc. 1 at 2–3. This Court cannot tolerate such lack of candor. Paulcin v. McNeil, No. 3:09-cv-151, 2009 WL 2432684, at *3 (N.D. Fla. Aug. 6, 2009) ("If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.").

Because of the importance of truthful disclosure of litigation history by pro se, incarcerated plaintiffs, courts sometimes dismiss (without prejudice) actions when the plaintiff-inmate failed to disclose one or two cases. See, e.g., Johnson, 2010 WL 1380247, at *2 (dismissing for plaintiff-inmate's failure to disclose one previous federal case and noting that Plaintiff's "untruthful answers . . . inhibited the efficiency of the court"); Paulcin, 2009 WL 2432684, at *3 (dismissing for lack of candor when plaintiff-inmate "identified only for cases" but had "previously filed five" and noting that "[i]f the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice"). Notably, Plaintiff omitted **at least 9 actions** that he previously brought in federal court. One of the undisclosed cases was filed a mere nine months before the instant action. See Yearby, 2016 WL 7015683, at *2 (finding a plaintiff-inmate could not "plausibly claim that he was unaware of the existence of the undisclosed cases" which were "filed within the past few years"). Though Plaintiff writes he "ha[s] had several suits filed in the Middle District of Georgia[,] he does not allege that, in

8

addition to the disclosures he provided, he may have filed additional cases which he cannot remember. Doc. 1 at 2–3. Moreover, this is not the first time Plaintiff has failed to truthfully disclose his litigation history to the Court. This Court previously dismissed one of Plaintiff's filings for the same lack of candor Plaintiff currently demonstrates. Wright v. Core Civic's Policy, 6:17-cv-27 (S.D. Ga. May 26, 2017), ECF Nos. 4, 7. Plaintiff knew he needed to fully and accurately disclose his litigation history, and he knew the Court may dismiss his action if he did not do so. Yet he still failed to comply.

The undersigned finds that dismissal without prejudice is an appropriate response for Plaintiff's failure to truthfully disclose his full litigation history, as required. See, e.g., Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132 (11th Cir. 2012) (finding no abuse of discretion in dismissing a plaintiff-inmate's action without prejudice when plaintiff failed to truthfully disclose his litigation history); Hood, 197 F. App'x at 819 (finding no error in denying the plaintiff an opportunity to amend and correct his failure to disclose previous filings because allowing plaintiff "to [later] acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process"). Notably, a dismissal without prejudice is not a judgment on the merits, meaning that if Plaintiff wishes to continue to pursue his claim, he may file it again with the Court. However, the Court cautions Plaintiff that, if he chooses to refile, he must disclose all cases he previously filed in federal court while incarcerated, including any cases which were filed after this action and are not listed in this Report and Recommendation. For these reasons, I **RECOMMEND** the Court **DISMISS** this action, **without prejudice**.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in

the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier, 314 F.3d at 531; see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this action. Doc. 2. I also **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of June, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA